**In re Liza CHONG, et al., Debtor.**

**MITCHELL K. NG and Lou Hon Wing, Plaintiffs,**

v.

**Bernard PACHECO and Scott Nakagawa, Defendants.**

**Bankruptcy No. 80–0037.**

United States Bankruptcy Court, D. Hawaii.

Nov. 10, 1980.

Ignacio R. Garcia, Honolulu, Hawaii, for defendants.

William A. Snyder, Honolulu, Hawaii, for plaintiffs.

Scott R. Nakagawa, Honolulu, Hawaii, trustee.

Philip Doi, Honolulu, Hawaii, for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

On August 20, 1980, defendant Bernard Pacheco filed a motion to set aside entry of default. Hearing on the motion was held on October 8, 1980. William A. Snyder, one of the attorneys for Mitchell K. Ng and Lou Hon Wing, hereafter "plaintiffs", challenged the motion. The motion was taken under advisement.

Based on the arguments of counsel, the memoranda and records herein, this Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. An involuntary petition under Chapter 7 of the Bankruptcy Code was filed herein against Liza Chong, the debtor, on March 4, 1980.

2. On June 18, 1980, the plaintiffs filed a complaint to surrender property and for damages. Named as defendants in the action were Bernard Pacheco and Scott Nakagawa, the trustee in this bankruptcy proceeding.

3. The complaint alleged four causes of action. These causes of action were:

a. The Plaintiffs had an interest in a certain piece of property located at 6009 Kalanianaole Highway, and the property is presently and wrongfully in the bankrupt estate.

b. Bernard Pacheco, intentionally, wilfully, and maliciously assigned the property to the trustee with full knowledge that such an assignment would prejudice and jeopardize the plaintiff's interest.

c. The trustee conspired in bad faith with Bernard Pacheco to assign the property to the trustee. The property is presently and wrongfully in the bankrupt estate, and held by the trustee without authority of law.

d. The plaintiffs are entitled to punitive damages in the amount of $500,-000.00.

Plaintiff's prayer for relief stated that the trustee surrender title to the property and, in addition to the $500,000 in punitive damages, the defendants should be jointly and severally liable in the amount of $750,-000 in general damages, plus costs.

4. The complaint was filed on June 18, 1980 and was served upon Bernard Pacheco and Scott Nakagawa, the trustee on June 20, 1980. Defendant Bernard Pacheco acknowledged receipt of the complaint for himself and his attorney.

5. On July 25, 1980, Scott Nakagawa, the trustee in this bankruptcy proceeding, filed an answer to the complaint. The trustee raised several defenses to the complaint. These defenses were:

a. Plaintiff lacked standing to bring the present lawsuit;

b. Plaintiffs alleged interest in the subject property were void;

c. The complaint was barred by res judicata;

d. The complaint was barred by collateral estoppel;

e. This court lacked jurisdiction over this proceeding.

6. Also on July 25, 1980, the Plaintiffs requested an entry of default against defendant Bernard Pacheco because of his failure to respond, plead, or answer to the complaint. The defendant had twenty days in order to respond. The request for an entry of default was made pursuant to Rule 755(a) of the Federal Rules of Bankruptcy. An entry of default was entered by the clerk of the bankruptcy court.

7. On August 20, 1980, a motion to set aside the entry of default based on Rule 924 of the Federal Rules of Bankruptcy and Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure was filed by the defendant. Attached to the motion were the affidavits of defendant Bernard Pacheco and his attorney. The affidavit of Bernard Pacheco stated the following reasons for his failure to answer the complaint:

a. The defendant admitted receipt of the complaint for himself and his attorney.

b. His attorney was on the mainland at the time that he received the complaint. The attorney, however, returned to Hawaii on July 2, 1980.

c. The defendant left for Spain on July 5, 1980 and returned to Hawaii on July 18, 1980.

d. Due to his business trip, the defendant failed to give the complaint to his attorney. Also, the defendant failed to read the complaint and did not know an answer was due.

The affidavit of the defendant's attorney stated:

a. The attorney did not know his client received service of the complaint on his behalf.

b. The attorney was not aware of the complaint until July 27, 1980.

8. On October 2, 1980, the attorney for the plaintiffs filed a memorandum in opposition to the motion to set aside the entry of default.

9. On October 8, 1980, a memorandum in support of the motion to set aside the entry of default was filed. Also attached to the memorandum was an answer to the complaint.

10. These Findings of Fact insofar as they are Conclusions of Law, are incorporated herein.

## CONCLUSIONS OF LAW

1. With respect to the plaintiffs being granted an entry of default and the present challenge by the defendants to set aside the entry of default, there are certain procedural defects which this court must address.

2. Plaintiffs sought an entry of default pursuant to Rule 755(a) of the Federal Rules of Bankruptcy. Rule 755(a) states:

When a judgment is sought against a party in adversary proceedings and such party has, without sufficient excuse, (1) failed to plead or otherwise defend or, (2) having filed a pleading or motion, is not ready to proceed with trial on the day set therefor in accordance with these rules, the court upon request therefor shall enter a judgment by default, except as provided hereinafter. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper. No judgment by default shall be entered against an infant or incompetent person unless represented in the proceeding by a general guardian, committee, conservator, or other such representative who has appeared therein. Immediately on the entry of judgment by default the court shall serve a copy of the judgment by mail in the manner provided by Rule 705 on the party against whom the judgment is entered. The service of such copy shall be noted in the court's docket. Lack of service of the copy does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as provided by Rule 802.

3. Bankruptcy Rule 755 is an adaptation of Rule 55 of the Federal Rules of Civil Procedure. However, the rules are not identical, and the default procedure has been streamlined under Bankruptcy Rule 755. When there is a default in a bankruptcy proceeding, reference is made only to Bankruptcy Rule 755. 13 Collier's on Bankruptcy § 755.02 (14th ed. 1977).

4. An entry of default and a judgment by default are two distinguishable entries. An entry by default does not constitute a judgment but rather, it is just an order precluding the defaulting party from making any further defense in the case as far as the defendant's liability is concerned. 6 *Moore's Federal Practice* ¶ 55.03[2] (2nd ed. 1976).

5. In the present case, plaintiffs requested and were granted an entry of default by the clerk of the bankruptcy court. However, Plaintiffs to date have not requested this court to enter a default judgment against the Defendant Pacheco.

6. Under Bankruptcy Rule 755(a), the concept of an entry of default has been eliminated. *See* Advisory Committee's Note to Rule 755; Trost, *Trial Practice Under the New Bankruptcy Rules*, 47 Am.Bankr.L.J. 111 (1973), hereinafter cited as *Trost article*. The proper procedure if a defendant fails to plead or answer, is for the plaintiff to file a motion seeking a default judgment from the court. Only the bankruptcy court, and not the clerk of the bankruptcy court can enter a default judgment. Therefore, the entry of default which the plaintiffs received has no validity since an entry of default is unnecessary and has been eliminated under Bankruptcy Rule 755.

7. The defendant's motion to set aside the entry of default was also in error. The defendant's motion to set aside the entry of default was primarily based on Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases through Bankruptcy Rules § 755(b) and 924. Bankruptcy Rule 755(b) states that "for good cause shown the court may set aside a judgment by default in accordance with Rule 924." The defendant's motion based on Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure is inapplicable for the reason that no judgment by default has been entered by this court.

8. Bankruptcy Rule 755 governs where there is a default by a party in a bankruptcy proceeding.

9. Under Bankruptcy Rule 755(a) an entry of default has been eliminated. The proper procedure for a plaintiff is to submit a motion for a default judgment to the court.

10. Since Bankruptcy Rule 755(a) has eliminated the entry of default, such default order has no validity.

11. Therefore, it is unnecessary for this court to consider defendant's motion to set aside the entry of default.

A Judgment will be signed upon presentment.